No. 25-1264

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Jane Roe,
*Plaintiff-Appellant,*
v.
Colorado Judicial Department, a division of the State of Colorado, et al.,
*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable Lewis T. Babcock
Case No. D.C. No. 1:24-CV-03400-STV

**Reply of Colorado Freedom of Information Coalition and Eugene Volokh to Response in Opposition to Motion to Intervene in the Appeal**

Eugene Volokh
Hoover Institution
Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
(Institutional affiliation listed for identification and addressing purposes only)

Counsel for Proposed Intervenors and Objectors Below Colorado Freedom of Information Coalition and Eugene Volokh

## I. Movants have Article III standing

Movants who seek to intervene to oppose pseudonymity have Article III standing. *Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014), expressly so concluded in a case closely analogous to this one:

> We conclude that Consumer Groups' participation before the district court on the issues of sealing and pseudonymity, coupled with their redressable injuries, create an ongoing, adversarial case or controversy vis-à-vis Company Doe, whose interests in maintaining the documents under seal are adverse to those of Consumer Groups.

*Id.* at 265. The court therefore "determined that Consumer Groups have nonparty appellate standing and independent Article III standing to seek appellate review of the district court's sealing and pseudonymity orders." *Id.* And earlier in the opinion, the court explained its reasoning:

> Even a widely shared interest, "where sufficiently concrete, may count as an 'injury in fact.'" The Supreme Court consistently has held that a plaintiff suffers an Article III injury when he is denied information that must be disclosed pursuant to a statute, notwithstanding "[t]he fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure." . . .
>     Although Consumer Groups' right of access stems not from a statute but from the Constitution and common law, the nature of their alleged injury is indistinguishable from the informational harm suffered by the plaintiffs in the above cases. Consumer Groups' injury is formed by their inability to access judicial documents and materials filed in the proceedings below, information that they contend they have a right to obtain and inspect under the law.
>     Because the public right of access under the First Amendment and common law protects individuals from the very harm suffered by Consumer Groups, their injury transcends a mere abstract injury such as a "common concern for obedience to law." Consumer Groups are public interest organizations that advocate directly on the issues to which the underlying litigation and the

1

sealed materials relate. By seeking, and having been denied access to, documents they allege a right to inspect, Consumer Groups have a direct stake in having a concrete injury redressed.

*Id.* at 263-64 (citations omitted, paragraph break added). Precisely the same logic applies to the media group and the legal commentator who are moving to intervene in this case.

Indeed, a district court recently so held in a case involving one of the movants:

> [Mr. Doe] argues that Professor Volokh lacks Article III standing to intervene, has no genuine interest to vindicate, and moved with undue delay.
>     The Court disagrees. Professor Volokh's stated interest in this case—his right of access as a member of both "the press and the general public"—is "well-established." That interest confers Professor Volokh "standing to challenge" the sealing order entered here "for abuse or impropriety." And courts routinely find motions to intervene to be timely "even where a non-party intervenes years after the litigation concluded to challenge a protective order.

*Doe v. Amar*, No. 22-CV-2252, 2023 WL 4564404, at *3 (C.D. Ill. July 17, 2023); *see also Parson v. Farley*, 352 F. Supp. 3d 1141, 1148 (N.D. Okla. 2018) (dealing with sealing rather pseudonymity):

> The Court finds that Volokh has established independent Article III standing to intervene for the limited purpose of seeking public access to judicial records. First, Volokh has shown a concrete and particularized injury to his right of public access caused by the Sealing Order because, but for the Sealing Order, Volokh would be able to gather information from the record and disseminate his opinion regarding this litigation through his blog. Volokh has also established the redressability prong because, if this Court lifts the Sealing Order and unseals the requested judicial records, Volokh's injury will be redressed.

## II. Roe's Uncited Factual Allegations and Legal Assertions Are Without Basis

Roe's response alleges that Volokh "misrepresented to the District Court his affiliations." Response in Opposition to Motion to Intervene at 4. This appears to be a reference to Roe's claim in District Court that Volokh is not entitled to use the Stanford affiliation because he is "[a]t most," "a research fellow at the Hoover Institute, which is not the same as the University." Plaintiff's Reply in Support of Motion for Leave to Restrict, No. 1:24-cv-03400-STV, ECF No. 23 (D. Colo. Mar. 14, 2025). But the Hoover Institution is a research unit of Stanford University. *See, e.g.,* https://events.stanford.edu/department/hoover_institution; *Bd. of Trs. of Leland Stanford Junior Univ. v. Chi-Yi*, No. 13-CV-04383-BLF, 2022 WL 3590330 (N.D. Cal. Aug. 22, 2022) ("Although the Deposit is physically in Stanford's possession at the Hoover Institution and Stanford is willing to deposit the Deposit with the Clerk of the Court, the Court has ordered Stanford to retain possession of the Deposit and maintain its contents under current archival conditions." (citation omitted)). Volokh lists Stanford as his institutional affiliation because that is where he is employed on a full-time basis.

Roe also argues that "it is questionable whether Eugene Volokh can represent himself and the association without running afoul of the ethics rules." Response at 4. Volokh is a member of the District of Colorado bar and the bar of this Court.

3

Nothing precludes him from representing the Colorado Freedom of Information Coalition and himself. He is not a member of the Colorado State Bar, but he does not need to be to appear in this federal case.

Finally, Roe argues that the Coalition cannot intervene because it has not provided a "complete list of members." Response at 5. A partial list of CFOIC's member organizations can be found at https://coloradofoic.org/about/ (as noted in the Motion to Intervene at 1). That list includes media organizations that have a clear interest in being able to identify the litigants making allegations of government misfeasance. Roe cites no cases that require ideological advocacy groups to provide the complete list of their members.

Respectfully Submitted,

s/ Eugene Volokh

Eugene Volokh
Hoover Institution
Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
(Institutional affiliation listed for identification and addressing purposes only)
Counsel for Proposed Intervenors and Objectors Below Colorado Freedom of Information Coalition and Eugene Volokh

August 8, 2025

**Certificate of Compliance:** This reply complies with Fed. R. App. P. 27(d)(2)(A) because it contains 970 words, excluding the parts exempted by Fed. R. App. P. 32(f).

s/ <u>Eugene Volokh</u><br>
Eugene Volokh