# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

Jane Roe

Plaintiff/Petitioner - Appellant,

v.

Colorado Judicial Department et al.

Defendant/Respondent -
Appellee.

Case No. 25-1264

Appellant/Petitioner's Opening
Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting your appellate issues and arguments to the court. <u>If you need more space, additional pages may be attached</u>. A short statement of each issue presented for review should precede your argument. Citations to legal authority may also be included. This brief should fully set forth all of the arguments that you wish the court to consider in connection with this case.

New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a <u>review</u> of the proceedings in the district court. A copy of the completed form must be served on all opposing counsel and on all unrepresented parties and a proper certificate of service furnished to this court. A form certificate is attached.

## APPELLANT/PETITIONER'S OPENING BRIEF

**1. Statement of the Case.** (This should be a <u>brief</u> summary of the proceedings in the district court.)

This appeal arises from the denial of Appellant's request to restrict access to her name and the imminent dismissal of her pro se civil rights action against the Colorado Judiciary if she did not further amend her complaint to include her true name as plaintiff, thereby publicly disclosing her identity.

Appellant sought to proceed under a pseudonym to protect privacy and safety interests, but the district court denied that request. The court also subjected the complaint to preliminary screening under District of Colorado Local Civil Rule 8.1, which governs pro se litigants. Appellant contends that both the denial of anonymity and the application of Rule 8.1 violated constitutional rights.

Appellant's complaint alleged violations of constitutional rights, including denial of due process and equal protection, by the Colorado Judicial Department and individuals within the Colorado Supreme Court, the Office of Attorney Regulation Counsel, and the Office of the Presiding Disciplinary Judge. Specifically, the complaint asserted that: (1) the right of access to the courts was infringed, (2) pro se litigants were treated unequally in violation of the Equal

Protection Clause, and (3) due process was denied because Plaintiff's appeal was dismissed without a meaningful opportunity to be heard. Although Appellant intends to amend the complaint to clarify and expand these claims if permitted on remand, the core allegations presented constitutional challenges to the judiciary's practices and rules as applied to pro se parties, and Plaintiff's disability and disciplinary cases.

The District court diverted the complaint from the pretrial phase defined by the Rules of Civil Procedure under District of Colorado Local Civil Rule 8.1. Under this Local Rule, cases filed by pro se litigants are treated differently from cases filed by attorneys and are first subject to an undefined "preliminary review" by an unidentified "pro se committee". Appellant sought to proceed under a pseudonym to protect privacy and safety interests. The District Court did not allow the case to proceed after preliminary review. After allowing and considering an objection filed by a non-party under Local Rule 7.2, the district court magistrate judge denied Plaintiff's request at the initial screening phase of the case under D.C.COLO.LCivR 8.1, after. The appeal of that order was dismissed for lack of jurisdiction (25-1180).

Subsequently, in July 2025, a district court judge entered an order denying

Appellant's objections to that order, adopted the magistrate judge's order, and ordered the Appellant to file a new complaint with her true name or the action would be dismissed. This appeal seeks review of the District Court Judge's Order adopting the magistrate judge's order and denying Plaintiff's motion for leave to restrict her true name from the publicly available case filings and information. Appellant contends that (1) the denial of anonymity was an abuse of discretion, (2) Local Rule 8.1, as applied, violates constitutional guarantees of access to justice, and (3) the court's reliance on an intervenor's objection (ROA Vol. I, Doc. 10) was procedurally improper and jurisdictionally defective.

**2.  Statement of Facts Relevant to the Issues Presented for Review.**

On December 6, 2024, Appellant pro se filed a complaint in the District Court for Colorado against the Colorado Judicial Department and certain individuals at the Office of Attorney Regulation Counsel, the Presiding Disciplinary Judge, and Justices of the Colorado Supreme Court under several provisions of federal law for numerous violations of Plaintiff's constitutional rights and to redress discrimination, arising out of the state's determination to transfer appellant to disability inactive status in 2022 and then to disbar her in a month

later.  (ROA, ECF 25, pp. 6 to 48).    Appellant's pro se appeal was later dismissed for reasons caused by systemic barriers the Colorado Judiciary put in place to bar unrepresented parties' access to the courts.

On December 9, 2024, the court issued an Order to Cure Deficiencies, following diversion and preliminary review under Local Rule 8.1.  (ROA, ECF 25, pp. 49 to 53).

On January 3, 2025, Appellant filed a Motion for Leave to Restrict the document separately filed with her true name.  (ROA, ECF 25, pp. 54 to 62).

On January 6, 2025, Appellant filed a Motion for Court-Appointed Counsel. ROA, ECF 25, pp. 63 to 66).

On January 8, 2025, Appellant filed her Amended Complaint and Certificate of Compliance with the Order to Cure (ROA, ECF 25, pp. 79 to 123).

On January 9, 2025, two non-parties jointly filed an objection to the motion for leave to restrict (ROA, ECF 25, pp. 67 to 78).  The attorney who filed the objection on his own behalf and on behalf of the Colorado Freedom of Information Coalition is not admitted to the Colorado state bar.  However, the basis for the arguments made by the objector was the validity of the state disciplinary action, not federal law or any of the alleged violations of Plaintiff's constitutional rights.

Because the underlying case was filed pro se, the District Court did not assign a District Court Judge to the case.  Instead, a magistrate judge presided over the case during the  "preliminary review" under Local Rule 8.1.

On April 7, 2025, the Magistrate Judge denied Appellant's motion for leave to restrict her name from public access.  (ROA, ECF 25, pp. 199-204).

On April 14, 2025, Appellant moved the clerk of the District Court to assign a District Court Judge to the case.  (ROA, ECF 25, pp. 206-208).

On April 21, 2025, Appellant filed objections to the Order.  (ROA, ECF 25, pp. 209-215). The District Court took no action on these requests, so Appellant filed an appeal to this Court (case number 25-1180) on May 2, 2025.  (ROA, ECF 25, p. 226).

On May 1, 2025, Appellant moved to strike the Objection and the non-party response to the Rule 72 Objections.  (ROA, ECF 25,

On June 26, 2025, this court dismissed the first appeal for lack of jurisdiction because the magistrate judge's Order was not reviewable. (ROA, ECF 25, pp. 227-228)

On July 3, 2025, the District Court Judge entered an order denying Appellant's Objections and adopting the order of the magistrate judge.  The

District Court Judge's order incorrectly attributed that order to Magistrate Judge Gurley, who recused early on.  The April 7, 2025 Order was issued by Magistrate Judge Varholak.  This error underscores the lack of a presiding District Court judge in pro se cases under Local Rule 8.1.  (ROA, ECF 25, pp. 229-232).

Appellant's [Amended] Notice of appeal was filed on July 7, 2025. (ROA, ECF 25, p. 233).

In addition to the constitutional issues regarding standing and barriers to access to the courts posed by D.C.COLO.LCiv.R 8.1, the U.S. District Court for Colorado also does not permit pro se parties to access the ECF system for filing.  Although documents may be emailed to the court for filing, the District Court records filings sent after 5:00 PM on the next court day.  Thus, the District Court imposes similar barriers to access the courts as do the State courts of Colorado, which are the subject of the underlying case.  It would be helpful to know who serves on the "Pro Se Committee" that acts as the gatekeeper for pro se cases in the District Court.  Many of the procedural hurdles and barriers in the state courts of Colorado are also present in the Federal District Court.

**3.** **Statement of Issues.**

**a.** **First Issue:** Whether the district court erred by denying Appellant's motion to proceed under a pseudonym in this civil rights case against the Colorado State judiciary.

**Argument and Authorities:**

The District Court Erred in Denying Anonymity

Federal courts recognize that, although proceedings are generally public, exceptions exist where anonymity is necessary to protect privacy, safety, or fundamental rights. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Tenth Circuit has explained that pseudonymous litigation may be permitted when: (1) the litigation involves highly sensitive and personal matters, (2) disclosure would pose a risk of retaliatory harm, and (3) the injury litigated against would be incurred as a result of the disclosure, and . *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

Here, , all three factors favor anonymity: 1) The suit challenges the conduct of the judiciary itself, making retaliation and physical harm a genuine risk; 2) Disclosure of Appellant's identity would stigmatize Appellant in ongoing and future legal proceedings and divert the court's attention from the significant

constitutional issues of first impression at stake in this case; and 3) The very harm at issue—retaliation by judicial actors—would be aggravated by disclosure. Suing the judiciary itself creates unique risks of retaliation and reputational harm that would chill the exercise of constitutional rights.

Allowing a pseudonym here would not prejudice any of the Defendants. The Defendants would suffer no prejudice from defending against anonymous claims, since the Plaintiff's name is disclosed to the Defendants in the restricted access document on file with the District Court. Rather, keeping Plaintiff's name out of the public would keep the focus on the merits of the case and the constitutional issues at stake, which do not require identification of the Plaintiff to address.

By contrast, naming the Plaintiff publicly is likely to create a side show that diverts attention from the very real constitutional issues that have not yet been addressed by the Federal Courts. The public's interest in transparency of the proceedings is protected because allowing Appellant to proceed under a pseudonym does not limit public access to the case filings and decisions; the only withheld item is Appellant's name. *See Sealed Plaintiff v. Sealed Defendant*, 537

F.3d 185, 189 (2d Cir. 2008).

In fact, the Objectors identified their improper reason for seeking disclosure of Plaintiff's name. The District Court noted that the public's right to know the name of a litigant is not absolute. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion to seal documents if the public's right of access is outweighed by competing interests. Id. The court exercises this discretion "in light of the relevant facts and circumstances of the particular case." Id.

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

(ROA, ECF 25, Order dated April 7, 2025, pp. 201-202) (citing *Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978)).

The Objection filed by the non-parties establishes that the sole reason they opposed Plaintiff's motion to restrict her name was because they want the information so they can engage in exactly what the *Nixon* case and the District Court identified as a compelling reason to *allow* Plaintiff to proceed under a

pseudonym: private spite and public scandal, and to use the court's files to serve as "the reservoirs of libelous statements for press consumption." The Objectors are not interested in the constitutional issues or the functioning of the judiciary. They only want to use the press and publicity writings to collaterally attack the Plaintiff and the District Court proceedings, so there is no fair hearing of the merits. *See Objection* filed January 9, 2025, at pp. 5-7 ( ROA, ECF 25, at pp. 71-74). This is exactly the type of circumstance that warrants allowing the Plaintiff to proceed under a pseudonym.

Here, Appellant challenges systemic practices affecting pro se litigants and the Constitutional violations that are the result of the procedural and systemic practices endemic to the Colorado judiciary and the actions by the defendants that discriminated against Plaintiff in the disability and disciplinary proceedings. Moreover, the asserted public interest in knowing Appellant's name is satisfied without forced identification because the public can evaluate the judiciary's conduct from filings and rulings. See Sealed Plaintiff, 537 F.3d at 189. Finally, Appellant's reply documented concrete risks of retaliation and stigma that the district court failed to weigh properly. (ROA Vol. I, Doc. 23 at 14–16). Appellant's claims here raise broad constitutional challenges to judicial practices

affecting all pro se litigants. See Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000). This is not an appeal of the disciplinary and disability determinations themselves. Although Appellant's name may appear in past disciplinary records, compelling identification in this new constitutional suit is unnecessary and would expand stigma rather than serve transparency. (ROA Vol. I, Doc. 23 at 14–16).

For all these reasons, the District Court erred in denying Appellant's motion for leave to restrict her name, and that decision should be reversed.

**b.** **Second Issue:** Whether District of Colorado Local Civil Rule 8.1, as applied, violates constitutional guarantees of access to the courts, equal protection, and due process?

**Argument and Authorities:**

Meaningful access to courts is a fundamental right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Local Rule 8.1 singles out pro se litigants for pre-service screening and summary dismissal without adversarial testing. Applied here, it produced delay, unequal treatment, and denial of notice and an opportunity to be heard. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires notice and

opportunity to be heard); *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (government may not erect barriers that block meaningful review for the indigent). Administrative convenience cannot justify constitutional infringements. *Stanley v. Illinois*, 405 U.S. 645, 656 (1972).  Equal protection principles also prohibit courts from burdening one class of litigants without sufficient justification.

Rule 8.1 requires an unidentified "pro se committee" and magistrate judges (without authority under Federal law or by the parties' consent) to conduct an undefined "preliminary review" of pro se pleadings before the case is allowed to begin the usual civil pretrial procedure.  There is no transparency as to the scope, duration, or requirements of this preliminary review, nor is the identification or qualifications of the "pro se committee" revealed anywhere.  Nor is there a reason or grounds for putting a magistrate judge and unknown members of a committee in charge of deciding whether an unrepresented party gains access to the federal courts. Unlike represented parties, pro se litigants face this extra hurdle. The rule allows dismissal sua sponte, without adversarial briefing or service of process.  It puts the court in the position of adversary.  These limitations to the federal courts mirror the obstacles in place for unrepresented parties in the state court system.  It is as if the lawyers and judicial officers have institutionalized unequal access to the

courts in Colorado to preclude individuals who cannot afford to hire a lawyer. This is completely wrong and unconstitutional.

Here, it resulted in more than six months of contested motion practice against a non-party with no standing to engage in the case, that has delayed the proceedings on the merits. This Rule has the effect of denying pro se access to the U.S. District Court for Colorado.

- **Delay and Unequal Treatment.** Pro se litigants, often the most vulnerable, suffer delays and dismissals not imposed on represented parties. This violates equal protection. See *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (states may not erect barriers that block meaningful appellate review for indigent defendants). At issue in the underlying case is the same unconstitutional barriers the Colorado Judiciary has erected that prevent unrepresented parties from using the electronic filing system in civil cases and appeals. The requirement of paper filings only for pro se parties in the Colorado State Court system is one of the factors that resulted in dismissal of Plaintiff's appeal of the disciplinary decision against her. in

- **Chilling Effect.** Knowing that complaints will be summarily screened, held in endless limbo, and dismissed deters the exercise of constitutional rights. See *Tennant v. Miller*, 589 F. App'x 884, 886 (10th Cir. 2014).

- **Due Process.** Rule 8.1's procedure bypasses the ordinary adversarial process, depriving litigants of notice and opportunity to be heard before dismissal. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

While docket management is legitimate, administrative convenience cannot override fundamental rights. See *Stanley v. Illinois*, 405 U.S. 645, 656 (1972) ("the Constitution recognizes higher values than speed and efficiency").

Thus, Rule 8.1, as applied, unconstitutionally burdens pro se litigants and denied Appellant a fair opportunity to be heard. Similar unconstitutional burdens denied Appellant a fair opportunity to be heard in the state court proceedings that resulted in the state of Colorado depriving her of her license to practice law, notably on the same grounds as the state determined she was disabled from the practice of law— in violation of the Americans with Disabilities Act.

**c.** **Third Issue:** Whether the court's reliance on the non-party objection filed by a non-Colorado lawyer—without Article III standing and in violation of Colorado's prohibition on unauthorized practice—was reversible error?

**Argument and Authorities:**

Intervenor Eugene Volokh's Objection opposed anonymity so he and the unidentified non-party Colorado Freedom of Information Coalition  could revisit the Colorado disciplinary issues, including interpretations of C.R.S. § 13-17-102 and what constitutes "groundless" litigation. (ROA Vol. I, Doc. 10 at 7–10).  These are Colorado state law issues that Mr. Volokh cannot properly raise or argue in the federal courts because he is not licensed to practice law in the State of Colorado.

The District Court erred in allowing the Objection to be made and considering it because it constitutes the unauthorized practice of law in Colorado, and violates the Constitutional foundations of our system of laws.

In addition, Defendants did not respond or oppose Plaintiff's motion for leave to restrict at all.  (See generally ROA). Intervention is limited to a litigant with some concrete, legally protectable interest; a generalized policy preference is insufficient. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  The Local Rule 7.2 is unconstitutional, because it allowed an objection to be filed by a non-party with no

standing and which did not meet the requirements for an intervenor. The Court should not have allowed the Local Rule to take precedence over Article III requirements for standing and real disputes. An intervenor may not press issues the parties decline to raise, and an objection to a motion for leave to restrict should not have a lower standard. *Diamond v. Charles*, 476 U.S. 54, 68 (1986).

Colorado forbids the unauthorized practice of law by those not admitted to its bar (or pro hac vice). *See Colo. RPC 5.5; People v. Shell*, 148 P.3d 162, 167 (Colo. 2006) (UPL includes rendering advice or services that imply the use of legal knowledge and skill); *Conway–Bogue Realty Inv. Co. v. Denver Bar Ass'n*, 312 P.2d 998, 1001–02 (Colo. 1957). By advancing substantive arguments about Colorado statutes and disciplinary rulings, the intervenor crossed from a generalized transparency claim into practicing Colorado law. The district court's reliance on those arguments was legally improper.

Local Rule 7.2 in the District Court for Colorado is unconstitutional, and the Objection should not have been permitted. Similarly, the objectors should not be permitted to intervene in this Appeal, or file a brief or response to this opening brief—especially where the Defendants have chosen not to. Allowing an objector or intervenor to act as if it were an appellee is unconstitutional.

**d.      Fourth Issue:**   Whether the District of Colorado Local Rule 7.2

violates the standing requirements and jurisdictional limits of the courts, by

allowing "any person" to object to a motion to restrict access, without requiring a

showing of Article III standing in the underlying case.

**Argument and Authorities:**

District of Colorado Local Civil Rule 7.2(c) provides that "any person may

file an objection" to a motion to restrict public access. Applied here, it allowed a

non-party, non-Colorado lawyer with no personal stake or legitimate interest in the

underlying case to file an objection that the court treated as dispositive. (ROA Vol.

I, Doc. 10 at 2–6, 7–10).

The Constitution limits federal jurisdiction to actual "cases" and

"controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To

invoke jurisdiction, a litigant must show (1) injury-in-fact, (2) causation, and (3)

redressability. Id. A local rule cannot override these constitutional limits. See *Steel

Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (standing is an

"irreducible constitutional minimum").  Article III's "irreducible constitutional

minimum" requires injury in fact, causation, and redressability. *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560–61 (1992). Standing is jurisdictional and cannot be waived or conferred by local rule. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A generalized interest in transparency is not enough. *Hollingsworth v. Perry*, 570 U.S. 693, 707–08 (2013); *Valley Forge Christian Coll. v. Americans United*, 454 U.S. 464, 473 (1982).

Because the objectors asserted no particularized injury, the district court lacked Article III jurisdiction to consider their objection; Local Rule 7.2 cannot expand federal jurisdiction. By permitting "any person" to object, Local Rule 7.2 purports to create standing where none exists. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (no standing for generalized grievances). Here, Volokh asserted no injury specific to him, but merely a broad interest in access to court filings. That is insufficient. Accordingly, this Court should declare that the local rule is unconstitutional, and must require an objector to establish standing in the action as a prerequisite to object to a motion to restrict.

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?**

The Court misapplied 10th Circuit law regarding pseudonymous proceedings. Had the Court properly applied the Nixon case to the stated motives of the objectors, the lack of response by any of the Defendants, and the concerns of Plaintiff, the Court should have granted the motion. In addition, the Court did not give due deference to the Plaintiff as a pro se, disabled party. This issue should not have been decided by a magistrate judge at all, and the court should have granted Plaintiff's motion for court-appointed counsel. This is not a preliminary review issue.

> These Procedural Errors Require Reversal; the Court Should Have Decided the Motion on the Unrebutted Record Without Becoming an Advocate

Denial of anonymity is reviewed for abuse of discretion, and a court abuses its discretion when it commits legal error or relies on improper factors. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). The district court relied on an objection over which it lacked Article III jurisdiction and on arguments constituting the unauthorized practice of Colorado law. Those legal errors independently require reversal.

With no objection from Defendants, Appellant's motion was effectively

unopposed. The court should have applied the *Femedeer/Zavaras* balancing framework to the record presented by Appellant. *See Femedeer*, 227 F.3d at 1246; *Zavaras*, 139 F.3d at 803. On that unrebutted showing—documenting risks of retaliation and stigma in suing the judiciary—the balance favored anonymity. At minimum, the court was required to make findings grounded in the record before it, not on a non-party's submission. (ROA Vol. I, Doc. 10 at 7–10; ROA Vol. I, Doc. 23 at 14–16).

Nor could the court supply its own extra-record facts or assumptions. Judicial notice is limited to facts "not subject to reasonable dispute" and capable of accurate determination. Fed. R. Evid. 201(b). And while pro se filings are construed liberally, courts must not "assume the role of advocate." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). By entertaining and relying on a non-party's UPL state-law merits arguments—and by denying anonymity without a proper adversarial record—the court effectively stepped into the Defendants' role while denying Appellant the leniency due a pro se litigant. That was reversible error.

The court applied an unduly rigid presumption against anonymity, misapplied the Femedeer/Zavaras balancing test, and relied on an intervenor

objection without Article III standing while permitting unauthorized practice of Colorado law.

**5.   Did the district court incorrectly decide the facts?  If so, what facts?**

The Court improperly ignored the stated purpose and intent of the objectors, and incorrectly decided that the threats and damage Plaintiff faces by disclosing her name were not substantial.  The court incorrectly overlooked the constitutional issues presented by the Amended Complaint and the Local Rules 7.2 and 8.1.  It also treated non-party assertions as if they were record facts.

**6.   Did the district court fail to consider important grounds for relief?  If so, what grounds?**

The court overlooked constitutional requirements of equal treatment for pro se litigants, and failed to account for the chilling effect its ruling would have on civil rights enforcement against judicial actors.

The court overlooked Article III limits on standing, Colorado's prohibition on unauthorized practice of law, and the pro se leniency principle that courts must not assume the role of advocate against a pro se litigant.

**7.   Do you feel that there are any other reasons why the district court's judgment was wrong?  If so, what?**

Because the objector (Volokh and the CFIC) lacked standing, the district court lacked jurisdiction to consider his objection. Yet the court relied on those arguments to deny anonymity. (ROA Vol. I, Doc. 10 at 7–10). The court's reliance on a procedurally invalid objection was constitutional error.

The combined effect of denying anonymity and applying Rule 8.1 deprived Appellant of meaningful access to the courts, undermining due process and equal protection guarantees.

**8.   What action do you want this court to take in your case?**

Appellant respectfully requests that this Court: (1) reverse the denial of anonymity and permit Appellant to proceed under a pseudonym; (2) hold that Local Rule 7.2 is unconstitutional insofar as it purports to permit objections without Article III standing; (3) hold that Local Rule 8.1 violates constitutional guarantees of access to justice and strike it down; and (4) remand for further proceedings on the merits under the Federal Rules of Civil Procedure the same as any case filed by an attorney.

**9. Do you think the court should hear oral argument in this case? If so, why?**

Yes. Oral argument will aid the Court in addressing systemic barriers to justice created by Local Rules 7.2 and 8.1 and in clarifying standards for anonymity in civil-rights cases against the judiciary.

_____October 20, 2025_____        ___Jane Roe_____
Date                                          Signature

# CERTIFICATE OF SERVICE

**I hereby certify that on ____October 20, 2025_____ I sent a copy of**
(date)
**the Appellant/Petitioner's Opening Brief to the Court for e-filing, which will send notification to all counsel of record by email.**

_____October 20, 2025____          ___Jane Roe_____
Date                                              Signature

---

# CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is                   , which is less than 13,000. I understand that if my Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be stricken and the appeal dismissed.**

_____October 20, 2025____          ___Jane Roe_____
Date                                              Signature